[No. 22737. Department Two. January 27, 1931.]

L. W. BAKER *et al., Respondents,* v. MONA IRENE KNIGHT *et al., Appellants.*

*W. B. Mitchell,* for appellants.
*Davis, Heil & Davis,* for respondents.

FULLERTON, J.—On February 11, 1928, Charles M. Quinn and Helen H. Quinn, his wife, were the owners of certain real property, situated in the city of Spo-

¹Reported in 295 Pac. 174.

kane. They had, theretofore, listed the property for sale with a firm of real estate brokers. The brokers found a purchaser for the property in the person of the appellant, Mona Irene Knight, and Quinn and wife entered into a contract with her by which they agreed to deed the property to her for a money consideration, payable in installments extending over a considerable period of time. Mona Irene Knight was then a married woman, and she, together with her husband, entered into possession of the property. Thereafter, Quinn and wife deeded the property, subject to the contract, to the respondent, L. W. Baker, and, at the same time, assigned to Baker their interest in the contract of sale.

The contract purchaser, after making certain payments as they became due on the contract, defaulted in others, and Baker, as the owner of the property and the owner of the vendor's interest in the contract of sale, served a notice of forfeiture on her and her husband, demanding that they make the overdue payments, or surrender possession of the property. The contract purchaser refused to do either, whereupon the present action was instituted against her and her husband by the respondents, seeking a decree declaring the contract of purchase forfeited, awarding to the respondents possession of the property, quieting the title to the property in them, and for such other and further relief as they were equitably entitled.

The Knights answered jointly. After making certain denials, they cross-complained, alleging that, at the time the contract of purchase was entered into, they were aliens and incompetent, under the constitution and laws of the state of Washington, of taking title to or holding real property within the state; further alleging that the plaintiffs in the action had notice

and knowledge, at the time the contract of purchase was entered into, that they were thus incapacitated, and that they themselves had no such knowledge. They further alleged that they had paid, on the contract price, the sum of $340.30, and had paid, in permanent improvements on the property, the further sum of $239.95. The relief sought was that plaintiffs in the action take nothing thereby, that the contract of purchase be declared null and void, and that the cross-complainants have and recover the sums they had paid on the contract price and the sum paid for permanent improvements. A reply was filed, putting in issue the allegations of the cross-complaint, and a trial was had before the court, sitting without a jury.

The trial court made findings of fact and conclusions of law to the effect that the vendee named in the contract of purchase and her husband were aliens at the time the contract of purchase was entered into, and that the contract was, for that reason, void; that neither the vendors therein, nor their agents or assignees, had notice or knowledge that the vendee was an alien at any time prior to the commencement of the action; that the vendee had paid, on the purchase price of the property, the sum of $265.05, and had paid $197.30 in repairing the property; that the vendee had been in possession of the property since the date of the execution of the contract, and that the reasonable rental value of the property equaled the sums paid on the purchase price, and for repairs to the property. It further found and concluded that the respondents were entitled to a decree quieting the title of the property in them as against the vendee, and entitled to a writ of assistance putting them in possession of the property. A decree was entered in accordance with the findings and conclusions, and it is from this decree that the present appeal is prosecuted.

■ The appellants do not complain of that part of the decree of the court which annulled the contract, quieted the title to the property in the respondents, and awarded them possession of the property, but complain because the court offset the reasonable rental value of the property against the sums they had paid on the contract price, and in repairs to the property.

The appellants take a different view of the facts from that taken by the trial court. They contend that the evidence requires the conclusion that the predecessor in interest of the respondents knew, at the time the contract was entered into, that Mona Irene Knight was an alien and incapable of taking title to real property under the constitution and statutes of the state, and that they were in ignorance of the fact. From these facts, they draw the conclusion that the respondents cannot claim affirmative relief from them; that the utmost power of the court was to place the parties in *status quo,* and that to do so requires the return to them of the moneys they paid in compliance with the contract.

But we cannot agree with this view of the evidence. We think it supports the view of the trial court that the vendors in the contract were in ignorance of the legal status of their vendee with regard to her citizenship. They were then informed, it is true, that her husband was an alien, but they were, also, informed that she was born in the United States. A woman citizen of the United States does not necessarily lose her citizenship by marriage with an alien. Whether she does so or not, depends on circumstances other than the mere fact of marriage. A more careful inquiry into the circumstances of the marriage in this instance would have disclosed that the marriage did cause a loss of citizenship, but because no such inquiry was made, hardly justifies the conclusion that the ven-

dors, in entering into the contract of sale, acted in wilful violation of the law.

Our conclusion from the evidence is that the parties, on both sides of the contract, acted in the utmost good faith, and that neither of them understood that the contract they entered into was in violation of the state laws. This being true, the one side is no more entitled to special consideration than the other. When it developed that the contract was illegal, the court would not, of course, enforce it. But it will lend its aid to the relief of the parties from the situation in which they have inadvertently placed themselves. It will free the land involved from the apparent lien of the contract; it will relieve the parties from any obligation under the contract; and will measure out to them such further relief as the facts justify.

The appellants in this instance had the sole and exclusive use of the property, from the time the contract was entered into until the trial of the action. It is no more than just that they account to the vendors for that use, and, since the reasonable value of the use equals the sum they expended on account of the contract, the one can be offset against the other.

We have not overlooked the further contention of the appellants that the value of the use of the property did not equal the sums paid by them by reason of the contract; but on this question also we incline to the view of the trial court.

The decree is affirmed.

MILLARD, BEALS, MAIN, and MITCHELL, JJ., concur.